IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICHARD HOEFT,

                                                                                                 OPINION and ORDER

                     Plaintiff,

                                                                                                        08-cv-674-bbc

     v.

ROBERT HARROP,

                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Richard Hoeft is proceeding in forma pauperis on his claim that defendant Robert Harrop violated his Eighth Amendment rights by being deliberately indifferent to his serious medical need. The case is before the court on plaintiff's motion for summary judgment. The motion was taken under advisement when plaintiff failed to file a reply to defendant's brief in opposition to his motion for summary judgment.

      Because plaintiff has failed to provide the facts necessary to support the conclusion that defendant was deliberately indifferent to a serious medical need, the motion will be denied. Defendant Harrop cross-moved for summary judgment on plaintiff's claims against him in his official capacity. Because plaintiff has not objected to this motion, I will grant it. However, plaintiff's claims against defendant Harrop in his individual capacity remain

1

because Harrop has not moved for summary judgment on these claims.

From the facts proposed by the parties, I find that the following facts are material and undisputed. Because plaintiff did not reply to defendant's proposed facts, they are accepted as true. Memorandum to Pro Se Litigants Regarding Summary Judgment Motions in Cases Assigned to Judge Crabb, dkt. #5, p.16 ("NOTE WELL: If a party fails to respond to a fact proposed by the opposing party, the court will accept the opposing party's proposed fact as undisputed.").

## UNDISPUTED FACTS

Plaintiff Richard Hoeft is a resident of Park Falls, Wisconsin. At all times material to this action, he was confined at the Flambeau Correctional Center in Hawkins, Wisconsin. Defendant Robert Harrop is a correctional sergeant at the Flambeau Correctional Center.

When plaintiff was transferred to Flambeau Correctional Center on June 4, 2008, he was on a light activity medical restriction. On June 18, 2008, he was seen by Dr. Fern Springs, who noted that plaintiff exhibited symptoms consistent with carpal tunnel syndrome. He reported that he had been working in the garden and was having trouble doing continuous activities. Springs gave plaintiff a steroid injection and placed him on "no work" restriction for June 18 and 19, after which he was returned to his "light activity" restriction.

2

On June 25, 2008, plaintiff returned to the health services unit and was continued on "light activity" restriction until he could be evaluated by a physician. Plaintiff saw Dr. Springs on July 30, 2008. At that time, she ordered a referral for plaintiff to the Marshfield Clinic for further testing and evaluation and continued his "light duty" restriction, restricting plaintiff from assignments requiring steady activity and saying that he should be allowed to work at his own pace with no lifting of 20 pounds or more.

At some time during his time at the Flambeau Correctional Center, plaintiff was assigned to "utility job status." In this status, he performed a variety of tasks, including unloading trucks, lawn mowing and helping with general center upkeep. On one occasion in August 2008, defendant asked plaintiff to help unload the food delivery truck. The truck contained items weighing less than 20 pounds and items weighing up to 70 pounds. Plaintiff informed defendant that he was on "light duty" restriction. Defendant verified this restriction by checking the three-ring binder at the officers' station, which contained the medical restrictions of the inmates. He informed plaintiff that many of the items weighed less than 20 pounds, which was within plaintiff's "light duty" restriction, and directed plaintiff to help unload the truck within the limits of his work restriction. Plaintiff complied and helped unload the truck.

In September 2008, plaintiff was seen at the health services unit twice. The first time he was treated for athlete's foot by a nurse. The second time he saw Dr. Springs for

3

hyperlipedmia. Plaintiff did not complain about his carpal tunnel syndrome after helping unload the food truck or seek treatment for the condition.

In late September 2008, plaintiff was transferred to the Stanley Correctional Institution. On October 15, 2008, he was seen by a doctor for followup on his hyperlipedmia and carpal tunnel syndrome.

OPINION

Under Fed. R. Civ. P. 56, summary judgment is appropriate "when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Goldstein v. Fidelity & Guaranty Ins. Underwriters, Inc., 86 F.3d 749, 750 (7th Cir. 1996) (citing Fed. R. Civ. P. 56); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). When deciding a motion for summary judgment, the judge's function is not to weigh the evidence for herself and determine the truth of the matter, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. "[I]t is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Id. at 248. All reasonable inferences from undisputed facts should be drawn in favor of the nonmoving party. Baron v. City of Highland Park, 195 F.3d 333, 338 (7th Cir. 1999).

The Eighth Amendment prohibits prison officials from exhibiting deliberate indifference to prisoners' serious medical needs or suffering. Estelle v. Gamble, 429 U.S. 97,

4

103 (1976). "Serious medical needs" include (1) conditions that are life-threatening or that carry risks of permanent serious impairment if left untreated; (2) those in which the deliberately indifferent withholding of medical care results in needless pain and suffering; and (3) conditions that have been "diagnosed by a physician as mandating treatment." Gutierrez v. Peters, 111 F.3d 1364, 1369, 1371-72 (7th Cir. 1997). Dr. Springs noted that, although plaintiff exhibited symptoms of carpal tunnel syndrome, he had no diagnosis of carpal tunnel syndrome. Nonetheless, she placed plaintiff on a "light duty" restriction. A reasonable jury could find from this restriction that plaintiff had a serious medical need.

Deliberate indifference requires a showing that the defendant was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and actually "draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference may be evidenced by a defendant's actual intent or reckless disregard for a prisoner's health or safety, as shown by highly unreasonable conduct or a gross departure from ordinary care in a situation in which a high degree of danger is readily apparent. Benson v. Cady, 761 F.2d 335, 339 (7th Cir. 1985). Courts have held that forcing an inmate to work in jobs that are inappropriate to his medical condition would constitute deliberate indifference. Jackson v. Cain, 864 F. 2d 1235, 1346 (5th Cir. 1989) ("If prison officials knowingly put [an inmate] on a work detail which they knew would significantly aggravate his serious physical ailment, such a decision would constitute deliberate

5

indifference to serious medical needs."); Williams v. Norris, 148 F. 3d 983, 987 (8th Cir. 1998) (corrections officials were deliberately indifferent when they assigned an inmate tasks that exceeded his medical limitations, causing him further injury).

In the initial screening of plaintiff's complaint, the court gave plaintiff the benefit of the doubt on his contention that defendant had disregarded his medical restrictions. No such leeway applies to a person moving for summary judgment. To succeed on such a motion, the movant must provide the facts necessary for the court to grant judgment in his favor. Fed. R. Civ. P. 56 (summary judgment should be granted if "the movant is entitled to judgment as a matter of law").

Plaintiff has failed to adduce evidence that would allow a reasonable jury to find that defendant was deliberately indifferent to his medical restrictions when he asked him to unload the food delivery truck. It is undisputed that defendant verified plaintiff's "light duty" restriction, which permitted him to lift objects 20 pounds or less, that there were items on the truck that weighed less than 20 pounds and that defendant told plaintiff to assist in unloading the food delivery truck within the limitations of his work restriction. Further, plaintiff has not shown that unloading the truck caused him any injury. Plaintiff asserts in his affidavit that unloading the truck caused him more pain in his hands, fingers and wrists, but his statement is not corroborated by any complaints he made of increased pain after helping to unload the truck or any request for medical attention during the month following

6

the incident.  Therefore, his motion for summary judgment will be denied.

Moreover, the evidence submitted by defendant in opposition to plaintiff's motion for summary judgment suggests that defendant was not deliberately indifferent to a serious medical need.  Having plaintiff work within his medical restriction would not be deliberate indifference.  Further, although plaintiff submitted evidence that some items on the food truck could weight over 20 pounds, he submitted no evidence that he actually lifted any item that exceeded 20 pounds.  Because defendant's evidence and plaintiff's lack there of suggests the possibility that this matter may be resolved without a trial, I will allow additional time for dispositive motions.  Such motions may be filed no later than August 14, 2009.  If any such motion is filed, the parties are to follow this briefing schedule: responsive briefs are due August 31, 2009 and reply briefs are due September 7, 2009.

ORDER

IT IS ORDERED that:

1. Defendant Harrop's motion for summary judgment on plaintiff's claims against him in his official capacity, dkt. # 16, is GRANTED;

2. Plaintiff Richard Hoeft's motion for summary judgment, dkt. #8, is DENIED;

3. Dispositive motions may be filed no later than August 14, 2009, with response briefs due August 31, 2009 and reply briefs due September 7, 2009.

Entered this 31st day of July, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge