IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICHARD HOEFT,

                        Plaintiff,

         v.

ROBERT HARROP,

                   Defendant.

OPINION AND ORDER

08-cv-674-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Plaintiff Richard Hoeft is proceeding in forma pauperis on his claim that defendant Robert Harrop violated his Eighth Amendment rights by being deliberately indifferent to his serious medical need.  On July 31, 2009, in an opinion and order I granted defendant's motion for summary judgment on plaintiff's official capacity claims and denied plaintiff's motion for summary judgment.  Dkt. #22 at 8.  I also provided the parties an opportunity to file additional motions for summary judgment because it appeared from the evidence submitted with plaintiff's motion for summary judgment that the this matter could be resolved without a trial.  Id. at 7.  Defendant's motion for summary judgment is now before the court.

     I conclude that plaintiff has failed to adduce sufficient evidence from which a

1

reasonable jury could find that defendant's deliberate indifferent to plaintiff's serious medical needs caused plaintiff to suffer an extreme deprivation sufficient to trigger Eighth Amendment protection.  Defendant's motion for summary judgment will be granted.

From the facts proposed by the parties, I find that the following facts are material and undisputed.


UNDISPUTED FACTS

Plaintiff Hoeft was incarcerated at the Flambeau Correctional Center from early June 2008 through late September 2008.  Defendant Harrop is employed by the Wisconsin Department of Corrections as a correctional sergeant at the Flambeau Correctional Center and was so employed while plaintiff was incarcerated there.

On June 18, 2008, Dr. Fern Springs, a physician employed by the Department of Corrections at the Flambeau Correctional Center, saw plaintiff for the first time regarding his complaints of difficulty doing continuous activities while working as a gardener in the institution.  Although plaintiff exhibited symptoms consistent with carpal tunnel syndrome, further testing was needed to confirm such a diagnosis.  Springs gave plaintiff a steroid injection and placed him on a "no work" restriction for two days.  After the two days, had passed, plaintiff remained on "light activity" restriction as provided by his previous physician, Dr. Charles Larson.

2

On June 25, 2008, plaintiff returned to the Health Services Unit to request a continuance of his "light activity" restriction.  Nurse Angela Nelson noted in plaintiff's medical chart that his "light activity" status would continue until he could be evaluated by a physician.  "Light activity" status permitted plaintiff to perform tasks at his own pace and limited him to lifting objects weighing 20 pounds or less.  On July 30, 2008, plaintiff saw Springs once again.  Plaintiff reported that his condition had not improved since the steroid injection.  Springs referred him to the Occupational Health Department at the Marshfield Clinic for diagnostic testing and further evaluation.  Springs continued plaintiff's light activity status.

Sometime in August 2008, defendant ordered plaintiff to assist other inmates in unloading the food delivery truck.  (The parties dispute whether defendant ordered plaintiff to unload the truck once or twice in August.)  Inmates must unload the food delivery truck every Tuesday and the truck contains items that weigh both above and below 20 pounds.  Plaintiff told defendant that he was on light activity status and could not help unload the truck.  Defendant verified plaintiff's light activity restriction in the inmate medical status three-ring binder.  Defendant noted that plaintiff's light activity restriction did not prohibit him from unloading the truck because some of the items on the truck weighed less than 20 pounds.  (The parties dispute whether plaintiff lifted any items weighing more than 20 pounds and whether defendant told plaintiff to unload every item on the truck.  Defendant

3

alleges that he told plaintiff to work within his light activity restriction, which meant not lifting any items weighing over 20 pounds and working at his own pace.  Plaintiff alleges that defendant said nothing about plaintiff working within his light activity restriction, that defendant made plaintiff unload every item on the truck, including items weighing more than 20 pounds, and that defendant told plaintiff to hurry up when he strained to lift some items.)  Plaintiff proceeded to unload the food deliver truck.

After unloading the truck, plaintiff did not complain to defendant that he suffered any injury or discomfort in unloading the truck and he did not seek any medical attention. (Plaintiff avers in an affidavit (but does not propose as fact) that when he finished unloading the truck, his "hands, fingers and writs were a lot more painful than before, and now the pain was going into [his] right forearm."  Dkt. #37 at ¶24.  In accordance with this court's procedures on motions for summary judgment, a copy of which was provided to the parties with the preliminary pretrial conference order, dkt. #5, I generally disregard facts not offered in proposed findings of fact.  However, I will consider plaintiff's averment in the affidavit.)

On September 19, 2008, plaintiff sought medical treatment for athlete's foot.  Springs also saw plaintiff again on September 24, 2008 for hyperlipidemia, but plaintiff did not discuss any pain or problems he had with his wrists and hands.

4

OPINION

Under Fed. R. Civ. P. 56, summary judgment is appropriate "when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Goldstein v. Fidelity & Guaranty Ins. Underwriters, Inc., 86 F.3d 749, 750 (7th Cir. 1996) (citing Fed. R. Civ. P. 56); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  When deciding a motion for summary judgment, the judge's function is not to weigh the evidence for herself and determine the truth of the matter, but to determine whether there is a genuine issue for trial.  Anderson, 477 U.S. at 249.  "[I]t is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Id. at 248.  All reasonable inferences from undisputed facts should be drawn in favor of the nonmoving party.  Baron v. City of Highland Park, 195 F.3d 333, 338 (7th Cir. 1999). However, the nonmoving party cannot simply rest upon the pleadings once the moving party has made a properly supported motion for summary judgment; instead the nonmoving party must submit evidence to "set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2).

To defeat defendant's motion for summary judgment, it is plaintiff's burden to propose specific facts sufficient to allow a jury to find in his favor on his Eighth Amendment deliberate indifference claim.  Specifically, plaintiff must show that a reasonable jury could find that "he had an objectively serious medical need, and that [defendant was] deliberately

indifferent to it." <u>Grieveson v. Anderson</u>, 538 F.3d 763, 779 (7th Cir. 2008).  Defendant does not deny that a reasonable jury could find plaintiff had a serious medical need because Dr. Springs placed plaintiff on light activity status, even though she did not make a diagnosis of carpal tunnel syndrome.  <u>Cf.</u> <u>Gutierrez v. Peters</u>, 111 F.3d 1364, 1369, 1371-72 (7th Cir. 1997) (serious medical needs include those "diagnosed by a physician as mandating treatment").

Turning to the question of deliberate indifference, plaintiff contends that defendant's deliberate indifference is evidenced by his disregard of plaintiff's light activity restriction by having him unload the delivery truck.  Intentionally interfering with an inmate's medically prescribed treatment in the face of a substantial risk of serious harm to the inmate's health may constitute deliberate indifference.  <u>Zentmyer v. Kendall County, Illinois</u>, 220 F.3d 805, 812 (7th Cir. 2000).  It is undisputed that defendant knew that plaintiff had been placed on light activity status.  Defendant alleges that he told plaintiff to work within his restriction by removing items only weighing 20 pounds or less.  However, plaintiff alleges that defendant ordered him to unload all the items on the truck, including items weighing over 20 pounds.  From these disputed facts, a reasonable jury could find that defendant consciously disregarded plaintiff's light duty status.

Nonetheless, as I pointed out in denying plaintiff's motion for summary judgment, dkt. #22 at 6, plaintiff has failed to provide evidence from which a reasonable jury could

6

find that unloading the truck caused him an injury sufficient to entitle him to damages under the Eighth Amendment.  This failure dooms plaintiff's claim.

An Eighth Amendment deliberate indifference claim is brought under 42 U.S.C. § 1983, which is a tort statute.  Doe v. Welborn, 110 F.3d 520, 523 (7th Cir. 1997).  Thus, to be successful on his Eighth Amendment claim plaintiff must show not only that defendant breached his duty owed to plaintiff, that is, that defendant was deliberately indifferent to a serious medical need, but he must show that the breach caused him to suffer a cognizable legal harm.  Id. (citing Babcock v. White, 102 F.3d 267, 271 (7th Cir. 1996)).  "What is necessary to show sufficient harm for purposes of the Eighth Amendment's Cruel and Unusual Punishments Clause depends upon the claim at issue."  Hudson v. McMillian, 503 U.S. 1, 8 (1992).  In general, the Eighth Amendment's protection against cruel and unusual punishment is intended to prevent inmates from being denied "the minimal civilized measures of life's necessities."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  In Eighth Amendment medical care claims, which are essentially conditions-of-confinement claims, Wilson v. Seiter, 501 U.S. 294, 303 (1991) ("[T]he medical care a prisoner receives is just as much a 'condition' of his confinement as . . . the protection he is afforded against other inmates."), the inmate must have suffered an extreme deprivation.  Mere discomfort is not sufficient.  Hudson, 503 U.S. at 8-9.

At summary judgment, plaintiff is required to "come forward with specific facts that

7

would support a jury's verdict in [his] favor." <u>Van Diest Supply Co. v. Shelby County State Bank</u>, 425 F.3d 437, 439 (7th Cir. 2005).  However, plaintiff has failed to provide any facts that support a finding that unloading the food delivery truck caused him to suffer an extreme deprivation.  The only evidence plaintiff offers is his allegations that he had "a lot more" pain in his hands, fingers, wrists and right forearm after unloading the truck.  However, plaintiff fails to set forth specific facts regarding the severity of the pain or how long it lasted. Such evidence would be necessary for a jury to be able to determine that plaintiff experienced an *extreme* deprivation. Fed. R. Civ. P. 56(e)(2)  nonmoving party must submit evidence to "set out specific facts showing a genuine issue for trial"); <u>Lujan v. National Wildlife Federation</u>, 497 U.S. 871, 888 (1990) ("The object of [summary judgment] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit."); <u>Drake v. Minnesota Mining & Manufacturing Co.</u>, 134 F.3d 878, 887 (7th Cir. 1998) ("Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter[;] rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted.").

No other evidence in the record supplies the omissions in plaintiff's conclusory affidavit.  It is undisputed that plaintiff never complained to defendant or any doctors that his pain had increased after unloading the truck.  The evidence shows that despite seeing medical officials twice within the month following the unloading of the truck, he said

nothing about any increased pain in his wrist, hand or fingers or sought any medical assistance for pain.

Plaintiff contends that unloading the truck "could" have worsened his carpal tunnel syndrome, leading to a future serious harm. There are two problems with this argument. First, plaintiff does not have a qualified medical expert to support such an opinion. Pearson v. Ramos, 237 F.3d 881, 886 (7th Cir. 2001) (lay person may not testify to causal relationship between injury and medical condition). Second, it is not enough for plaintiff to show that unloading the truck *could* have worsened or aggravated his carpal tunnel syndrome. The Eighth Amendment protects against a failure to prevent harm and not a failure to prevent exposure to a risk of harm. Welborn, 110 F.3d at 523 (citing Babcock, 102 F.3d at 272). There is no evidence that plaintiff's carpal tunnel syndrome was worsened by unloading the truck or any evidence from a doctor or medical expert that there is a high likelihood that lifting items weighing more than 20 pounds causes a substantial worsening of carpal tunnel syndrome. At most, plaintiff has shown that he was exposed to a risk of harm, but that does not implicate his Eighth Amendment rights. Accordingly, defendant's motion for summary judgment will be granted.

9

ORDER

IT IS ORDERED that:

1.   Defendant Robert Harrop's motion for summary judgment, dkt. #26, is GRANTED;

2.   The clerk of court is directed to enter judgment in favor of defendant and close the case.

Entered this 15th day of September, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

10